FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| ANTHONY MALLGREN, | No. 2:25-CV-00226-RLP |
|---|---|
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the Court is Plaintiff Anthony Mallgren's Complaint. ECF No. 1. Mr. Mallgren appears *pro se*. *Id*. By separate Order the Court granted Mr. Mallgren leave to proceed *in forma pauperis*. ECF No. 5. Mr. Mallgren has not effectuated service.

## LEGAL STANDARD

A plaintiff proceeding *in forma pauperis* under 28 U.S.C. § 1915 is subject to *sua spone* review of his or her complaint, and mandatory dismissal, if the complaint is "frivolous, malicious, fail[s] to state claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See*

ORDER OF DISMISSAL * 1

28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38, 135 S.Ct. 1759 (2015); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.")

    A complaint must contain a short and plain statement that a plaintiff is entitled to relief, FRCP 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

ORDER OF DISMISSAL * 2

1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327

## ANALYSIS

Mr. Mallgren's Complaint is deficient in multiple respects.

First, the background section consists of merely two sentences: one stating that Mr. Mallgren is stuck in Spokane, and another referencing his involvement in similar proceedings elsewhere. The Complaint then requests that all cases be transferred to this district. The Complaint thus fails to provide any factual basis upon which a claim could rely.

Second, the Complaint fails to establish any logical connection between the alleged facts and the named defendant. The is no articulation of how the Government's conduct relates to Mr. Mallgren's grievances. Similarly, the requested relief bears no discernable relationship to any facts pleaded in the Complaint. The pleading does not explain why transfer of other cases would be appropriate or how such relief would redress an injury Mr. Mallgren may have suffered.

Complicating matters further, there is another case currently pending before this court initiated by Mr. Mallgren against the United States Government. *See Mallgren v. United States, et al*, No. 2:25-CV-00228-RLP (E.D. Wash. 2025).

ORDER OF DISMISSAL * 3

Permitting Mr. Mallgren to amend his complaint would raise duplicative litigation, with two cases proceeding simultaneously on potentially overlapping claims. Amendment would thus be futile. *See* 28 U.S.C. § 1915(e); *see also Adams v. California Dep't of Health Servs*., 487 F.3d 684, 692 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904, 128 S.Ct. 2161 (2008) ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'").

Given these circumstances, dismissal is warranted. The Complaint fails to state a claim due to its incoherence and lack of factual support, and the existence of the parallel proceeding makes amendment an inappropriate remedy.

**ACCORDINGLY, IT IS ORDERED:**

1. Mr. Mallgren's Complaint, **ECF No. 1**, is **DISMISSED WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and Judgment accordingly, provide copies to Plaintiff at his last known address and CLOSE the file.

**DATED** October 21, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL * 4